**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Bryant Jones,<br>Individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br>     -v-<br><br>New York Health Care, Inc.,<br><br>                 Defendant. | **Civ. Action #:**<br><br>**COMPLAINT**<br>**(Collective and Class Action)**<br><br><br>**Jury Trial Demanded** |

Plaintiff Bryant Jones ("Plaintiff" or "Jones"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant New York Health Care Inc, ("Defendant" or "NYHC"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week; (ii) entitled to unpaid wages for working and not being paid at a rate of at least the NYS applicable minimum wage rate for each and all hours worked in a week; and (iii) entitled to unpaid wages for working spread

of hours of more than ten hours a day and not being paid an additional hour of pay for each such day; and (iv) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2, 2.4.

3.  Plaintiff and the class members are also entitled to recover compensation for not receiving wage notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7.  Plaintiff Bryant Jones ("Plaintiff" or "Jones") is an adult, over eighteen years old, who currently resides in Queens County, New York.

8.  Upon information and belief and all times relevant herein, New York Health Care Inc ("NYHC") was a New York for-profit business corporation with a place of business located at 369 East 149 Street, Bronx, NY 10455 where Plaintiff was employed.

9.  Upon information and belief and at all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to plaintiff's employment, among other

employment functions.

10. Upon information and belief, Defendant owned and operated several places of business within New York City.

11. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was involved in the business of providing health care services.  http://nyhc.com/

13. Upon information and belief and at all times relevant herein, Defendant employed approximately more than 500 employees at any given time and during the class periods.

14. At all times relevant herein, Plaintiff was employed by Defendant from on or about April 13, 2015 to on or about September 18, 2020.

15. Upon information and belief, and at all relevant times herein, Plaintiff was employed as a manual worker doing a variety of physical and repetitive tasks including, lifting, packing, filing, driving, etc. throughout his workday.

16. At all times relevant herein Plaintiff was paid at a regular rate of $11-$13 an hour, at separate times during his employment with Defendants – Plaintiff was not paid at a rate of at least the applicable NYS minimum wage rate for workers in New York City, for the years 2018, 2019, and 2020.

17. At all times relevant herein, Plaintiff was paid at his straight regular rate for all hours worked including his overtime hours (hours over 40 in a week) worked, for all weeks during his employment with Defendant. For example, for the bi-weekly pay period ending June 12, 2020, Plaintiff worked at least 108 hours and was paid at his straight regular rate of $13 an hour for each and all of these 108 hours. These examples are reflective of Defendant's payment pattern throughout Plaintiff's employment with it.

18. At all times relevant herein, Plaintiff worked about 54-60 hours each week for Defendant, five days a week.

19. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day for each day each week during his employment with Defendants.

20. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR § 142.2-6 are incorporated herein by reference.

21. At all relevant times herein and for the time Plaintiff was employed by Defendant, Plaintiff worked more than forty (40) hours a week, during his employment with Defendant.

22. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay and at least 1.5 times the applicable NYS minimum wage rate for all hours worked in excess of forty hours each week.

23. At all times relevant herein, Plaintiff and the putative class members were not paid at a rate of at least the NYS applicable minimum wage rate for each and all hours worked in a week for each week during their employment with Defendant.

24. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL § 195(1).

25. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL § 195(3) – the statements provided to Plaintiff did not contain the hours worked by Plaintiff in a week, nor all wages earned, among other deficiencies.

26. The violations complained of herein were also suffered by putative class members.

27. Upon information and belief and at all times relevant herein, Defendant had annual revenues

and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

28. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the State of New York.

30. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce such as medical and other essential equipment and supplies.

31. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

32. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

33. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

35. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

36. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement

agencies.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

38. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

40. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

41. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of Defendant, and who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

42. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 500 members of the class during the class period.

43. The class definition will be refined as is necessary, including after discovery if necessary.

44. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

45. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

46. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

47. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

48. Due to Defendant's FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime + Min. Wage + SOH)

49. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

50. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

51. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant, and who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week,

within at least the six-year period, preceding the filing of this complaint; and 3) were not paid at an overtime rate of at least 1.5 times their regular rate and 1.5 times the applicable NYS minimum wage rate for each and all hours worked in excess of forty hours in a week as also explained above.

52. The class of similarly-situated individuals as to the minimum wage cause of action under the NYLL is defined as current and former hourly employees of Defendant: 1) who worked for Defendant within New York State; 2) were not paid at a rate of at least the NYS applicable minimum wage rate for each hour worked; during the six-year period prior to the filing of this action, to entry of judgment in this case (the "Class" and "class period", respectively).

53. The class of similarly-situated individuals as to the spread of hours cause of action under the NYLL is defined as current and former hourly employees of Defendant: 1) who worked for Defendant within New York State; 2) were not paid an extra hour of pay for each day that they worked a spread of hours in excess of 10 hours; during the six-year period prior to the filing of this action, to entry of judgment in this case (the "Class" and "class period", respectively).

54. The class definition will be refined as is necessary, including after discovery if necessary.

55. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 500 members of the class during the class period.

56. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

57. There are questions of law or fact common to the class – (a) whether the putative class was paid at least 1.5 times the applicable regular rate and 1.5 times the applicable NYS minimum wage rate for all hours in excess of forty in a week; (b) whether Defendant failed and/or refused to pay Plaintiff and putative class members at a rate of at least the NYS applicable minimum wage rate for each hour worked in a week; and (c) whether Defendant failed and/or refused to pay Plaintiff and putative class members an additional hour of pay for each day in

which they worked a spread of hours of more than 10 hours a day.

58. Upon information and belief, the claims of the representative party are typical of the claims of the class.

59. The representative party will fairly and adequately protect the interests of the class.

60. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

62. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

63. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

64. At all times relevant to this action, Plaintiff and the putative class members worked a spread of hours of more than ten (10) hours in a day for some or all days but Defendant failed to pay plaintiff and the putative class members an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

65. At all times relevant to this action, Plaintiff and the putative class members worked for

Defendant but Defendant failed to pay plaintiff and the putative class members at an hourly rate of at least the NYS applicable minimum wage rate for each hour worked, in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.1.

## Relief Demanded

66. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime, minimum wage, and spread of hours compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

67. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 66 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

68. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

69. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former hourly employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

70. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay among other information.

71. The class definition will be refined as is necessary, including after discovery if necessary.

72. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 500 members of the class during the class period.

73. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

74. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

75. Upon information and belief, the claims of the representative party are typical of the claims of the class.

76. The representative party will fairly and adequately protect the interests of the class.

77. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

78. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

 (a)  whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

79. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

80. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

81. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

82. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

83. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff and all those similarly situated are entitled to recover from Defendant, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

84. Declare Defendant (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff and those similarly situated, under the FLSA and New York Labor Law and enjoin Defendant from engaging in such violations.

85. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime wage compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

86. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime, minimum wage and spread of hours compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 2.1, 2.4; together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

87. As to the **Third Cause of Action**, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

88. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

89. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**September 30, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*